UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT ALEXANDER GRIMSLEY *et al.*, )
)
)
       Plaintiffs, )
v. ) Civil Action No.  1:23-cv-00519 (UNA)
)
NIKE INC. *et al.*, )
)
)
       Defendants. )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  The court will deny the *in forma pauperis* application and dismiss the case for the reasons explained below.

This matter has been filed as a class action.  Plaintiffs Robert Grimsley, Gerald Leroy Barnes, II, Brian Anthony Crute, Angel Hutchinson Gallardo, Jr., and Joshua Lee Wheelock, as far as it can be understood, are currently civilly committed to Oregon State Hospital.  Six additional plaintiffs are also listed, however, there is no contact information provided for any of them, in contravention of D.C. LCvR 5.1(c)(1).  The complaint is only signed by a few of the intended plaintiffs, and the IFP application is only signed by Grimsley, in contravention of Federal Rule 11(a).

Preliminarily, although they provide no proof of their civil commitment, taking plaintiffs at their word, they would indeed be exempt from the prisoner filing fees set forth in 28 U.S.C. § 1915(a)(2) and (b) of the Prison Litigation Reform Act ("PLRA").  *See Vandivere v. Lynch*, No. 16-cv-1594 (TSC), 2016 WL 11716441, at *1 (D.D.C. Aug. 30, 2016) (persons civilly committed "are not prisoners to whom the PLRA's filing fee requirements apply") (citing cases).  However,

they are *not* exempt from any of the other provisions of the IFP statute, and plaintiffs have failed to provide the requisite information regarding their respective financial circumstances to establish that they qualify for IFP status thereunder. *See* 28 U.S.C. §§ 1914, 1915; *McKelton v. Bruno*, 428 F.2d 718, 719 (D.C. Cir. 1970); *see also* Form No. AO 240. Consequently, their collective IFP application must be denied.

Even if plaintiffs had filed proper IFP applications, or otherwise paid the filing fee, they face additional hurdles that they cannot overcome. First, as noted, Grimsley attempts to bring this suit as a class action, and on behalf of several of the other named plaintiffs, which he may not do, because a *pro se* litigant can represent only himself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . "); *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted); *see also U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03–7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).

Second, plaintiffs' allegations are frivolous. They sue defendants, Nike, Johnson & Johnson, two individuals identified by name (but with no contact information), and unidentified John and Jane Does—including "every company and CEO thereto trading on the stock market." *See* D.C. LCvR 5.1(c)(1). Plaintiffs broadly allege that defendants have conspired to violate their constitutional and statutory rights by creating a "manstealing enterprise," kidnapping them,

trafficking them, and hospitalizing and medicating them against their will. No context or detail is provided to connect the named defendants to the intended claims, as far as they can even be understood. Plaintiffs demand $500 trillion in damages and seek a temporary restraining order ("TRO") against defendants.

But the court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981). The instant complaint falls into this category.

For all of these reasons, the IFP application is denied, the complaint is dismissed without prejudice, and the request for TRO is denied for the same reasons. A separate order accompanies this memorandum opinion.

Date:   April 14, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge